[Docket No. 4]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

MARK EL, a/k/a Mark Smith,

        Plaintiff,

  v.

SGT. ROBERT KOOB, et al.,

        Defendants.

Civil No. 19-17577 (RMB/KMW)

**OPINION**

**RENÉE MARIE BUMB, United States District Judge**

    This matter comes before the Court upon the filing of a pro se Amended Complaint [Docket No. 4] by Plaintiff Mark El a/k/a Mark Smith ("Plaintiff") against Sgt. Robert Koob, Officer Sean Donohue, and Warden Donald J. Lombardo ("Defendants"). In the pro se Complaint, Plaintiff attempts to assert causes of action under 42 U.S.C. § 1983, alleging that Defendants deprived him of his constitutional rights through false arrest, false imprisonment, and unconstitutional conditions of confinement.[1]

    The Court previously granted Plaintiff's application for permission to proceed in forma pauperis ("IFP"). [Docket No. 3.] However, in fulfilling its obligation to screen Plaintiff's

---

[1] The initial Complaint included allegations of malicious prosecution by Defendant Marylou McAdams Corson, which the Court dismissed. [See Docket No. 2, at 7-8.] Plaintiff does not attempt to resuscitate that claim in his Amended Complaint.

initial Complaint for sua sponte dismissal, the Court dismissed Plaintiff's initial Complaint without prejudice. [Docket Nos. 2-3.] Plaintiff timely filed the Amended Complaint, which is also subject to screening by the Court. For the reasons expressed herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

I. **LEGAL STANDARD FOR SUA SPONTE DISMISSAL**

Once an application to proceed IFP has been granted, the Court is required to screen the complaint (or, as here, the Amended Complaint) and dismiss the action sua sponte "if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards." See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under FED. R. CIV. P. 12(b)(6) and/or dismiss any defendant who is immune from suit. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c).

Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

(1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and

2

> (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

To survive a sua sponte screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is factually plausible. Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that pro se pleadings must be construed liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is

"frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995). A determination of "maliciousness" requires a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendant. Id. at 1086. Examples of malicious claims can include those that "duplicate . . . allegations of another . . . federal lawsuit by the same plaintiff." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

II. **JURISDICTION**

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under federal laws.

III. **DISCUSSION**

In his Amended Complaint, like his initial Complaint, Plaintiff challenges the constitutionality of his arrest, his imprisonment, and the conditions of his confinement. The Court dismissed the initial Complaint in its entirety, as the allegations therein were insufficient to state a claim. [Docket No. 2, at 5-11.] The Court will briefly recap the deficiencies that it discussed in its previous Opinion, before analyzing whether the Amended Complaint adequately addressed those deficiencies.[2]

---

[2] In its previous Opinion, the Court explicitly directed Plaintiff to "clarify and specifically state his causes of action in an amended complaint" if he felt that the "Court ha[d] misconstrued his claims." [Docket No. 2, at 11.] Because Plaintiff did not

4

**A.     False Arrest & Imprisonment (Officers Koob & Donohue)**

To state a claim for false arrest, a plaintiff must allege that there was an arrest and that the officers did not have probable cause to believe the plaintiff committed the offense for which he was arrested. See Groman v. Twp. of Manalapan, 47 F.3d 628, 635 (3d Cir. 1995); Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). Likewise, a false imprisonment claim in this type of case only exists where the police lack probable cause to make the initial arrest. See Groman, 47 F.3d at 636. Plaintiff's claims for false arrest and false imprisonment, therefore, require him to plead an absence of probable cause.

Probable cause exists if, at the time of arrest, "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964). Courts recognize that probable cause determinations must be made "on the spot" under pressure and do "not require the fine resolution of conflicting evidence that a reasonable doubt or even a preponderance standard demands." Paff v. Kaltenbach, 204

---

indicate that the Court misconstrued his claims, and because the Amended Complaint does not appear to add any new claims, the Court will construe the claims of the Amended Complaint as being the same as those in the initial Complaint.

F.3d 425, 436 (3d Cir. 2000) (quoting Gerstein v. Pugh, 420 U.S. 103, 121 (1975)).

In its previous Opinion, the Court found that Plaintiff had "fail[ed] to allege facts that would support [his] conclusory statements" that the Officers' initial stop of his vehicle "was based on racial animus, as plaintiff was racially profiled by these defendants," and that the Officers "were aware that plaintiff had not violated any laws." [See Docket No. 2, at 6.] "Notably," the Court continued,

> Plaintiff does not allege that the Officers made any statements or took any actions that would suggest the stop was based on race. For example, although Plaintiff alleges that the Officers made statements suggesting a discriminatory animus against Plaintiff based on his Moorish faith (after Plaintiff presented his "Moorish National Identification Card"), Plaintiff does not claim that the Officers made any similar statements about his race.

[Id. at 6-7.] The Court further found that the Complaint itself suggested that there was probable cause for the arrest: "Indeed, Plaintiff admits that the Officers found contraband in the vehicle . . . and that Plaintiff refused to comply with the Officers' repeated requests to provide a valid government ID." [Id. at 7.] Therefore, the Court dismissed the false arrest and imprisonment claims, though it granted Plaintiff the opportunity to amend his Complaint, provided that he could "support his allegation of racial profiling with 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" [Id. (quoting Iqbal, 556 U.S. at 678).]

Plaintiff's Amended Complaint does not adequately address the deficiencies the Court previously noted. With respect to Plaintiff's allegations of racial discrimination, the Amended Complaint adds only one arguably relevant new accusation: that the Officers asked, "Are you Black guys selling drugs to the White guy?" [Docket No. 4, at 5.] This comment, even when considered with all of the allegations of the Amended Complaint, is insufficient to support Plaintiff's conclusory assertion that racial discrimination was the reason behind his arrest. Plaintiff's Amended Complaint still offers nothing "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Therefore, the Court will dismiss Plaintiff's claims of false arrest and imprisonment.

### B. Conditions of Confinement (Lombardo)

Pursuant to the Due Process Clause of the Fourteenth Amendment, prison officials must satisfy "basic human needs — e.g., food, clothing, shelter, medical care, and reasonable safety." Helling v. McKinney, 509 U.S. 25, 32 (1993). However, "a detainee seeking to show unconstitutional conditions of confinement must clear a 'high bar' by demonstrating 'extreme deprivations.'" Cartegena v. Camden Cnty. Corr. Facility, 2012 WL 5199217, at *3 (D.N.J. Oct. 19, 2012) (citing Chandler v. Crosby, 379 F.3d 1278, 1298 (11th Cir. 2004)). The due process analysis requires courts to consider whether the totality of the conditions "cause inmates

7

to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them." Hubbard v. Taylor, 538 F.3d 229, 233 (3d Cir. 2008) (quoting Bell v. Wolfish, 441 U.S. 520, 542 (1979)).

A plaintiff alleging a § 1983 claim for a constitutional violation must allege facts showing each defendant's personal involvement in the alleged misconduct. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.3d 1195, 1207 (3d Cir. 1988)). In its previous Opinion, the Court noted that,

> [i]n this case, the extent to which Plaintiff claims that Lombardo was personally involved in the conditions are (1) that Plaintiff lodged a complaint with Lombardo, who visited Plaintiff's jail cell and refused to move him "because of his religious beliefs," and (2) that Lombardo held Plaintiff "incommunicado" for an extended period of time by denying visits and intercepting Plaintiff's mail.

[Docket No. 2, at 8-9.]

"However," the Court continued, "Plaintiff does not state when he first complained to Lombardo about the unsatisfactory conditions. For that matter, he does not even allege that Lombardo caused Plaintiff to be subjected to the alleged conditions." [Id. at 9.] Unable to "decipher the nature or timing of Lombardo's personal involvement in the alleged conditions of confinement," the Court dismissed the claim. [See id.] Nevertheless, the Court

8

indicated that Plaintiff could file an amended complaint "to clarify Lombardo's involvement in the allegedly deficient conditions or name other officials or guards who were personally involved." [Id.] The Court instructed Plaintiff to "include specific facts" in the Amended Complaint, "such as the dates and length of his confinement, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, and any other relevant facts regarding the conditions of confinement." [Id.]

In his Amended Complaint, Plaintiff added two factual allegations relevant to this claim. First, he alleges that "[w]hen [he] complained to officers that he needed a shower and a bed to sleep on he was told that defendant Lombardo had ordered that Plaintiff be treated harshly so that he would know 'who runs the jail.'" [Docket No. 4, at 8.] Second, Plaintiff alleges that "Warden Lombardo stated to Plaintiff that [Plaintiff] would be taught a lesson on being submissive while in [Lombardo's] jail." [Id.]

While these changes do provide more context with respect to Lombardo's alleged involvement, they do not fully address the deficiencies previously noted. The Amended Complaint still does not specify the dates of Plaintiff's confinement or when he allegedly contacted Lombardo. Nor does it allege that Plaintiff's complaints were not remedied in any way. If Plaintiff is truly

9

making the troubling allegation that he had no access — whether in his cell or elsewhere — to running water, toilet facilities, a sink, a shower, or any other basic necessities for the entire time that he was being held, then he should allege that specifically.[3] However, his failure to have done so thus far renders his conditions of confinement claim insufficient. Therefore, the Court will dismiss that claim.

**IV. CONCLUSION**

Because Plaintiff has failed to remedy the deficiencies outlined in the Court's previous Opinion, and for the reasons expressed above, the Court will **DISMISS** Plaintiff's Amended Complaint. The false arrest and false imprisonment claims will be dismissed **WITH PREJUDICE**. The conditions of confinement claim will be dismissed **WITHOUT PREJUDICE**. Plaintiff may seek to file a second amended complaint, remedying the deficiencies of his conditions of confinement claim outlined above, within twenty-one (21) days of this Opinion and the corresponding Order. An accompanying Order shall issue.

| | |
|---|---|
| April 1, 2021 | s/Renée Marie Bumb |
| Date | RENÉE MARIE BUMB |
| | United States District Judge |

---

[3] The Court takes this opportunity specifically to warn Plaintiff. During the course of the litigation, if it becomes evident that Plaintiff did not in fact have a good faith belief that his factual contentions had evidentiary support, the Court will not hesitate to consider the full range of appropriate sanctions, up to and including filing preclusion. FED. R. CIV. P. 11(c).